UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DELL, INC.,

       Plaintiff,                     CIVIL ACTION NO. 06-11224

       v.                            DISTRICT JUDGE DAVID M. LAWSON

ADVICON COMPUTER SERVICES,     MAGISTRATE JUDGE VIRGINIA MORGAN
INC., and DANIEL ELLES,

       Defendants.
_____/

## OPINION AND ORDER DENYING MOTION FOR CONTEMPT
## AND ORDERING DANIEL ELLES TO APPEAR
## FOR DEPOSITION AND CREDITORS EXAM

This matter is before the court on the plaintiff's Motion for an Order to Show Cause Why Defendants Should Not Be Held in Contempt for a Second Time. (D/E 27) Oral argument was scheduled before the magistrate judge. Only plaintiff's counsel appeared. For the reasons set forth in this Opinion and Order entered this date, the court finds that the Motion for Second Contempt is premature and denies the same conditionally.

IT IS FURTHER ORDERED that defendant Elles contact plaintiff's counsel Douglas Masters in writing on or before March 15, 2007, to reschedule his deposition, and appear for the deposition on March 15 or 22, 2007, and that Mr. Elles pay to plaintiff's counsel as a sanction for failure to cooperate in discovery the sum of $3,000.00.

- 1 -

If Mr. Elles fails to contact plaintiff's counsel as ordered, then it is recommended that an order of contempt be entered against Mr. Elles and his corporation, and as a sanction for the same, a default judgment be entered against Mr. Elles, and $9,000.00 in fees and costs be assessed jointly against the defendants for civil contempt.

This action arose from a dispute between plaintiff Dell Inc., a manufacturer of computers, and one of its value-added dealers Advicon which is a computer retail and repair business located in Clinton Township, Michigan. Mr. Elles is the President and C.E.O. of Advicon. As a result of this dispute, plaintiff terminated its relationship with Advicon and filed this lawsuit to stop Mr. Elles from using the Dell trademark and other unauthorized use of the name. Mr. Elles appears *pro se* and Advicon is unrepresented. A default judgment has been entered against Advicon by Judge Cook, to whom the case was then assigned. The court granted Dell complete relief against the corporate defendant, including a permanent injunction regarding display, use, or other activity related to the Dell marks, $100,000 in damages, and $33,330.56 in attorney's fees and costs. The court did not impose a default judgment against Elles in light of his *pro se* status.

Subsequently, an Order of Contempt and Sentence was issued by Judge Lawson in October, 2006. (D/E 21) Following entry of that order, Mr. Elles was scheduled to have his deposition taken on December 7, 2006. The deposition sought his testimony as a discovery deposition with respect to the case pending against him, and in support of a creditor's exam on behalf of the corporation. There was conversation between Mr. Elles and the attorney for Dell, confirming Mr. Elles' commitment to attend the deposition, and Mr. Elles faxed back a note

indicating "no problem, I plan to attend." As a consequence, the Dell attorney, Mr. Masters, flew in from Chicago. Mr. Elles did not appear and Mr. Masters was unable to reach him. After waiting for over an hour, the deposition was adjourned. Thereafter, Dell attempted to resolved the matter again, requesting documents and another date for the deposition with Mr. Elles, and a request to reimburse Dell for the fees and expenses incurred December 7, 2006. Mr. Elles did not respond to the letter and Dell then brought the instant motion.

Because the modern discovery rules provide for sanctions, see FRCP Rule 37, generally, there must be a specific court ruling which was violated in order for the court to hold a party in contempt. Friedenthal, Civil Procedure, West Publishing, cp 1985, p 415. In the absence of a court order requiring some action, courts are reluctant to hold a party in contempt. Once the order has been issued, if it is not obeyed, the disobedient party can be held in contempt of court. Sheila's Shine Prods, Inc. v. Sheila Shine Inc, 486 F.2d 114 (5th Cir. 1973). Penalties for contempt need not include jail. Lesser penalties may be utilized including striking a portion of the party's case, granting a default judgment, dismissing the action, limiting testimony at trial, or imposing the expenses of the opposing party. See, Friedenthal at 417. Contempt proceedings enforce the message that court orders and judgments are to be complied with in a prompt manner. Electrical Workers Pension Trust Fund of Local Union #58 IBEW v. Gary's Elec. Service Co., 340 F.3d 378 (6th Cir. 2003). In order to hold a party in contempt, the evidence must show that he violated a definite and specific order of the court requiring him to perform a particular act. Id. In this case, there does not appear to be a particular order compelling Mr. Elles to appear for a deposition or a creditor's exam. Thus, the court concludes that the motion

for contempt is premature but acknowledges the frustration that plaintiff and its lawyers have had with this case. The court finds that Mr. Elles did agree to attend the deposition and in reliance on that plaintiff's counsel prepared for the deposition and traveled from Chicago to Detroit. The court further finds that with respect to the discovery deposition of Mr. Elles, Rule 37 sanctions are appropriately imposed. Because the creditor's exam is a post-judgment matter, Rule 37 sanctions could not be imposed by the magistrate judge.

The court further finds that a reasonable fee for the preparation, travel, and substance is $3,000.00 and orders that amount be paid by Mr. Elles immediately and mailed to Loeb & Loeb LLP, Attn: Douglas N. Masters, Attorneys for Plaintiff Dell Inc., 321 North Clark, 23rd Floor, Chicago, IL 60610-4714.

IT IS FURTHER ORDERED that should the sanction amount not be paid within 30 days, and/or Mr. Elles fail to contact plaintiff's counsel, attend the deposition and creditors exam, give full and complete testimony and provide the requested documents, than Mr. Elles would be in contempt of court and it is recommended that the district judge so find, enter a default judgment against Mr. Elles, and impose the sum of $9,000.00 as a sanction against both the corporate defendant and Mr. Elles, each to be jointly and severably liable for the same.

The parties to this action may object to and seek review of this Opinion and Order through an appeal to the district judge, but are required to act within ten (10) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1)(A) and Fed. R. Civ. P. 72(a). See also E.D. Mich. LR 72.1(d)(1). Failure to file specific objections constitutes a waiver of any further right of appeal. Thomas v. Arn, 474 U.S. 140 (1985); Howard v. Secretary of HHS, 932 F.2d 505,

508 (6th Cir. 1991); United States v. Walters, 638 F.2d 947, 949-50 (6th Cir. 1981).  Pursuant to E.D. Mich. LR 72.1(d)(1), a copy of the appeal is to be served upon this magistrate judge.

Within ten (10) days of service of any objecting party's timely filed appeal, the opposing party may file a response.  The response shall be not more than 20 pages in length unless by motion and order such page limit is extended by the court.  The response shall address specifically, and in the same order raised, each issue raised in the appeal.

**SO ORDERED.**

s/Virginia M. Morgan
Virginia M. Morgan
United States Magistrate Judge

Dated:  March 12, 2007

---

**PROOF OF SERVICE**

The undersigned certifies that the foregoing document was served upon counsel of record and Daniel Elles via the Court's ECF System and/or U. S. Mail on March 12, 2007.

s/Jane Johnson
Case Manager to
Magistrate Judge Virginia M. Morgan