UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DELL, INC.,

        Plaintiff,

Case Number 06-11224
v.
Honorable David M. Lawson

ADVICON COMPUTER SERVICES, INC, and
DANIEL ELLES,

        Defendants.

_____/

## OPINION AND ORDER DENYING MOTION TO SET ASIDE ORDER, GRANTING MOTION FOR DEFAULT JUDGMENT, AND ORDERING DEFENDANT TO APPEAR FOR CREDITOR'S EXAM

At one time, the defendants in this case, Daniel Elles and the company he operates, Advicon Computer Services, Inc., were authorized Dell computer dealers. After that relationship terminated, the plaintiff demanded that the defendants cease representing themselves as such and desist in displaying Dell's logos and trademarks. When the defendants failed to abide this request, the plaintiff filed the present lawsuit. The Court has granted the relief the plaintiff requests, but for the better part of a year the plaintiff has not been able to secure compliance by the defendants. Although a default judgment was entered against Advicon in September 2006, and Elles has been found in contempt on several occasions, the defendants have continued to ignore this Court's orders. The plaintiff ow seeks a default judgment against defendant Elles that can be enforced through traditional collection proceedings. In light of Elles's repeated failure and refusal to comply with the Court's directives, the Court finds that it is necessary to impose the requested sanction of default judgment against him.

Elles claims that he has not received court papers in this matter and moves to set aside the latest contempt finding on that basis. The Court must reject this excuse because all papers were served on the defendant at the address he registered with the Clerk; if papers in this case were sent to the wrong address, it is due to Elles's failure to follow clear instructions to change his address with the Clerk. The Court therefore will deny Elles's motion to set aside this Court's order adopting a report and recommendation finding him in contempt and grant the plaintiff's motion for default judgment. The Court will also order Elles to appear for a creditor's examination.

## I.

The plaintiff commenced this case alleging trademark infringement on March 22, 2006, and the matter was originally signed to the Honorable Julian Abele Cook. The complaint alleged that Elles and Advicon had falsely advertised Advicon as an authorized Dell sales and service center and had displayed Dell's trademark in furtherance of that misrepresentation. On September 14, 2006, Judge Cook entered default judgment against defendant Advicon for failure to answer or otherwise respond. Judge Cook also entered a permanent injunction against Advicon barring it from using any of Dell's marks.

The matter was reassigned to this Court on September 19, 2006. On September 28, 2006, the Court entered an order requiring the defendants to show cause why they should not be held in contempt of court for ignoring the terms of the permanent injunction. The Court held a hearing on the matter on October 12, 2006, which was attended by Daniel Elles, and the Court issued an order that day holding defendant Advicon in civil contempt. The Court indicated that the contempt could be purged by the defendants removing the offending signage and compensating the plaintiff for its costs and fees incurred in connection with the contempt proceedings.

It appears that the defendants complied with that order, at least temporarily. However, on December 14, 2006, the plaintiff filed a motion requesting that the Court hold the defendants in contempt for a second time. The motion was premised on defendant Elles's failure to appear for a properly noticed deposition. The Court referred the matter to Magistrate Judge Morgan, who held a show cause hearing on March 5, 2007. On March 12, 2007, Magistrate Judge Morgan issued an opinion and order conditionally declining to hold the defendants in contempt, provided that Elles promptly appear for a deposition and remit $3,000 as a discovery sanction. The magistrate judge's order recommended that the Court enter a default judgment against Elles if he failed to satisfy these obligations.

Despite the clear message that the Court's orders must be observed, Elles continued to behave in utter disregard of them. On March 30, 2007, the plaintiff filed a third motion seeking to hold the defendants in contempt, alleging that Elles had moved Advicon's shop three tenths of a mile down the road and posted the very same signs that had been the subject of the permanent injunction. The plaintiff's allegation, supported by ample documentary evidence, was found to be true by Magistrate Judge Morgan following a hearing held on May 7, 2007. In her report, Magistrate Judge Morgan recommended that the Court hold the defendants in further contempt because Elles "knowingly, intentionally, and in violation of the injunctions [undertook] a series of efforts to continue to represent Advicon as a Dell approved dealer and/or repair center." Report and Recommendation [dkt # 50] at 1. She also recommended that Elles's actions in moving the Advicon shop, changing Advicon's business form from a corporation to a sole proprietorship, and changing its name from "Advicon, Inc." to "Advicon II" were not sufficient to excuse Elles's noncompliance with the terms of the permanent injunction because the injunction bound Advicon and its principals,

including Elles himself. Magistrate Judge Morgan therefore ordered the defendants to remove and destroy all of the offending signage, ordered Elles to appear for a creditor's exam, and ordered the defendants to remit $18,751.76 to the plaintiff's counsel as a discovery sanction and as a sanction for non-compliance with the injunction.

The Court adopted the magistrate judge's recommendation on May 31, 2007 and held the defendants in civil contempt. The Court ordered that the defendants could purge the contempt by satisfying the conditions set forth in the magistrate judge's order, as well as recalling from those within their control all Dell-related products and materials of an infringing nature, turning over the same to Dell for destruction, and filing with the Court and serving on the plaintiff's counsel a report attesting to the completion of these obligations.

The defendants failed to satisfy any of these terms and apparently ignored them in whole. This prompted the plaintiff to file yet another motion seeking to hold the defendants in contempt. In that motion, the plaintiff also requested that the Court enter a default judgment against Elles for the amounts that Elles and Advicon had been ordered to pay on the grounds that any relief short of that would be ignored. The Court entered an order setting the matter for a hearing on June 28, 2007 and directing that the plaintiff personally serve a copy of the order on each of the defendants on or before June 22, 2007. The plaintiff filed proofs of service on June 22, 2007, affirming that the Court's order had been personally served on each of the defendants on June 21, 2007. On June 22, 2007, defendant Elles filed a motion to set aside this Court's order of May 31, 2007 adopting Magistrate Judge Morgan's Report and Recommendation and holding the defendants in contempt.

The show cause hearing occurred as scheduled on June 28, 2007, but Elles failed to appear. After hearing from the plaintiff, the Court stated that it would take under advisement the plaintiff's motion to enter a default judgment against defendant Elles. Before finally ruling on the matter, the Court explained that it would need to resolve Elles's motion to set aside the order and determine whether there was any validity to the excuse contained therein.

The plaintiff has filed a response to the defendants' motion to set aside the latest comtempt order. The Court has reviewed the submissions of the parties and finds that the relevant law and facts have been set forth in the motion papers and that oral argument will not aid in the disposition of the motion. Accordingly, it is **ORDERED** that the motion be decided on the papers submitted. *See* E.D. Mich. LR 7.1(e)(2).

## II.

Defendant Elles seeks to set aside this Court's order adopting Magistrate Judge Morgan's May 8, 2007 report and recommendation on the ground that he was never served with a copy of the report and therefore never had an opportunity to object. Elles presumably seeks to avoid a finding of further contempt or default judgment for the same reason. His claim is predicated on the assertion that court orders and hearing notices (including, but not limited to, the magistrate judge's May 8, 2007 report) have been sent to him at the wrong address. He also states that the plaintiff has personally served him with papers at the wrong address. Elles has never alleged that he did not have actual notice of the Court's orders or proceedings. His excuse for failing to object or comply has not merit.

According to the court records, on April 5, 2006, Elles was personally served with the summons and complaint at 35364 S. Gratiot Ave., Clinton Township, MI 48035, which was where

Advicon's shop was located at the time. Defendant Advicon was served via its registered agent at 30600 Telegraph Rd., Bingham Farms, MI 48025. The Clerk's Office, per its usual procedure, therefore noted 35364 S. Gratiot Ave. as Elles's address of record. According to the docket sheet, the Court has mailed all papers (save one) to Elles at that address. The plaintiff also has served some of the documents at Elles's new address as well. Beginning on March 16, 2007, however, mail sent to 35364 S. Gratiot Ave. was returned as undeliverable. Looking back on the record, the reason for this is obvious: Elles moved his place of business from 35364 S. Gratiot Ave. (the "old Gratiot address") to 34740 S. Gratiot Ave. (the "new Gratiot address"), three tenths of a mile down the road. Nevertheless, Elles failed to inform the Clerk's Office that the address of record was no longer valid.

Rather than claiming that materials should have been delivered to him at the new Gratiot address, however, Elles claims he was entitled to receive the papers in this case at 128 New Street, Mt. Clemens, MI 48043, which is apparently his private residence. He bases this claim on a brief email exchange that occurred between himself and a staff member of the Court's chambers. Realizing that a mailing had been returned as undeliverable, a staff member sent an e-mail message to Elles on March 21, 2007 and informed him that, if the old Gratiot address was no longer valid, he would need to "notify the court clerk [in order to] receive any and all mailings." Elles ignored the directive to inform the Clerk's Office, responding to the staff member as follows: "If you need to send me information, kindly send it to 128 New Street, Mt. Clemens, MI 48043." The staff member was kind enough to send a gratuitous copy of the undelivered mailing to the New Street address but, due to Elles's failure to follow up with the Clerk's Office, that was the only document ever sent to New Street.

To the extent Elles thought his e-mail response was adequate to effect a change of address, that position is undermined not only by the staff member's directive, but also by a court order entered on April 2, 2007. That order reads as follows:

> This matter came before the Court pursuant to an email received in chambers from Defendant, Daniel Elles, advising of his new mailing address.
>
> Accordingly, it is **ORDERED** that defendant Daniel Elles follow the proper procedures and notify the Court Clerk at 231 W. Lafayette, Room 564, Detroit, MI 48226 of his new mailing address of 128 New Street, Mt. Clemens, MI 48043 on or before **April 16, 2007**.

Order re Address Change [dkt # 41]. Elles never informed the Clerk of his new address; naturally, all mailings continued to be sent to 35364 S. Gratiot Ave.

Although the docket now indicates 128 New Street as Elles's official address, that change did not take place until June 22, 2007 and transpired only by happenstance, not through any effort on Elles's part. Elles's motion to set aside order, filed June 22, 2007, listed 128 New Street as his address on the title page. A member of the Clerk's Office happened to see that notation and made the change accordingly. Despite his use of three different addresses in this litigation and a court order directing him to formally update his address with the Clerk's Office, Elles never informed the Clerk's Office of an address change. If Elles did not receive every paper in this matter, that is of his own doing and cannot excuse his failure to comply with orders of the Court. The motion to set aside order therefore will be denied.

But even if the Court were to accept Elles's reasoning, that would not explain his failure to appear for the June 28, 2007 hearing. The plaintiff states that it personally served the notice on Elles on June 21, 2007, as the Court ordered, and the record reflects that this was accomplished. The only

conclusion the Court can draw from Elles's absence from the hearing is that Elles simply ignored his obligation to appear.

Nor does Elles's explanation of alleged address confusion justify the defendants' continued violation of the permanent injunction. Photographs taken by the plaintiff on June 19, 2007 reveal that as of that date, the Advicon store continued to bear two large signs depicting the Dell logo and advertising the store as an authorized provider of Dell sales and services. Elles was fully apprised of the exact course of the litigation, and his own statements before the Court when he did appear for a hearing in October 2006 establish that he knew the terms of the permanent injunction and subsequent orders enforcing it.

III.

In light of Elles's willful and deliberate disregard of the Court's orders, the plaintiff asks the Court to enter a default judgment against Elles. As mentioned above, that relief has already been granted with respect to defendant Advicon. The Court finds that default judgment should enter against Elles as well.

Although Federal Rule of Civil Procedure 37(b)(2)(C) authorizes the Court to enter default judgment as a discovery sanction, there is no Rule or statute that authorizes entry of default judgment based on a party's failure to obey court orders in general. Nevertheless, it is well-established that a federal court has the inherent authority to grant such relief when the circumstances warrant as much. *See In re Sunshine Jr. Stores, Inc.*, 456 F.3d 1291, 1304-06 (11th Cir. 2006) (upholding entry of default judgment as proper use of court's inherent authority where party failed to respond to court orders, failed to appear before the court, and failed to engage in court-ordered discovery); *Thomas, Head, & Griesen Employees Trust v. Buster*, 95 F.3d 1449, 1457-59 (9th Cir.

1996) (upholding entry of default judgment based on inherent authority where party completely ignored the terms of an injunctive order and other court orders); *Shepherd v. American Broadcasting Cos., Inc.*, 62 F.3d 1469, 1472 (D.C. Cir. 1995) ("As old as the judiciary itself, the inherent power enables courts to protect their institutional integrity and to guard against abuses of the judicial process with contempt citations, fines, awards of attorneys' fees, and such other orders and sanctions as they find necessary, including even dismissals and default judgments."); *see also Chambers v. NASCO, Inc.*, 501 U.S. 32, 47-50 (1991) (discussing the broad scope of a court's inherent authority). While the Sixth Circuit has yet to address the circumstances under which default judgment is appropriate for failure to abide by injunctions and other court orders, it has indicated that default judgment as a discovery sanction should be tested against the following four factors: (1) whether the conduct at issue was the result of willfulness, bad faith, or fault; (2) whether the adversary was prejudiced by the disobedient party's conduct; (3) whether the disobedient party was warned that failure to cooperate could lead to default judgment; and (4) whether less drastic sanctions were imposed or considered before entry of default judgment. *Bank One of Cleveland, N.A. v. Abbe*, 916 F.2d 1067, 1073 (6th Cir. 1990) (citing *Regional Refuse Sys. v. Inland Reclamation Co.*, 842 F.2d 150, 154-55 (6th Cir. 1988)). The Court finds that those factors apply equally to a default judgment entered under its inherent authority.

All four factors favor entry of a default judgment against defendant Elles. As Magistrate Judge Morgan found, Elles's conduct demonstrates bad faith in his contemptuous disregard of the Court's orders. He has failed to appear at properly noticed hearings and depositions, flagrantly disregarded the permanent injunction, and engaged in devices to avoid compliance. Dell has suffered prejudice as a result of Elles's conduct. It has been required to file four motions to secure

the relief ordered by the Court last fall, and since that time it has endured the continuing infringement of its trademark rights. Elles was expressly warned that default judgment was the next sanction to be imposed by Magistrate Judge Morgan in her March 12, 2007 order. Less drastic sanctions were considered and imposed on multiple occasions to no avail. The Court finds therefore that entry of default judgment is necessary to protect the plaintiff's interest in this litigation and to preserve the Court's authority and the integrity of the judiciary. Judgment will be entered against defendant Daniel Elles in the amounts previously ordered to be paid by Elles and Advicon in this matter.

IV.

The Court concludes that there is no merit to Elles's motion or the excuse contained therein. Default judgment is necessary, and the plaintiff's request for such relief will be granted.

Accordingly, it is **ORDERED** that defendant Elles's motion to set aside order [dkt # 62] is **DENIED**.

It is further **ORDERED** that the plaintiff's motion for default judgment [dkt # 57] is **GRANTED**, and a judgment will enter in the amount of $152,082.32.

It is further **ORDERED** that Elles shall appear for a creditor's examination at Room 824 of the Theodore Levin United States Courthouse, 231 W. Lafayette Blvd., Detroit, MI 48226 on **July 20, 2007** at **11:00 a.m.** Elles shall bring to the examination all of the documents that he has previously been commanded by subpoena to produce. Failure to appear or produce the required documents may result in the imposition of further sanctions, including a finding of criminal contempt.

It is further **ORDERED** that the plaintiff shall cause a copy of this order together with a subpoena listing the items the defendant shall bring with him to the creditor's examination to be served personally on defendant Elles on or before **July 16, 2007.**


s/David M. Lawson
DAVID M. LAWSON
United States District Judge

Dated: July 12, 2007.

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on July 12, 2007.

s/Felicia M. Moses
FELICIA M. MOSES